246 N.J. Super. 270 (1991)
587 A.2d 303
MAUREEN O'SULLIVAN LALLY, PETITIONER-APPELLANT,
v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1991.
Decided February 28, 1991.
*271 Before Judges MICHELS and GRUCCIO.
Gerald P. Lally argued the cause for appellant.
Francine W. Kaplan, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney; Michael R. Clancy, Assistant Attorney General, of counsel).
PER CURIAM.
Petitioner Maureen O'Sullivan Lally (Lally) appeals from a final administrative determination of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) that adopted the findings of fact and conclusions of law of the Administrative Law Judge (ALJ) and determined that Lally's membership in PERS terminated on December 31, 1981, and that she was not entitled to credit for her services as municipal councilwoman without purchasing credit for that previous membership service as provided by N.J.S.A. 43:15A-8a.
The Board found that based on the ALJ's initial decision that Lally discontinued service for more than two consecutive years resulting from her refusal to seek elective office and since her discontinuance was not the result of a leave of absence, she was not entitled to the formerly 5 and presently 10-year membership continuance provided by N.J.S.A. 43:15A-8a. *272 Therefore, her membership terminated by operation of law upon her departure from office as municipal councilwoman.
Lally contends that this is error and she should be entitled to the prior service without further payment plus her return of interest. (She bought back the time required). She contends that PERS and the ALJ failed to literally construe the statute as required by law, that her membership in the retirement system continued automatically upon her return to service; that the Board's reliance on N.J.S.A. 43:15A-7e was misplaced and that the doctrine of agency interpretation has no application to this case.
Given our scope of review, we believe that the Board properly denied Lally's request for an extension beyond a two-year statutory maximum provided for inactive membership in the retirement system. Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965). We are also satisfied that N.J.S.A. 43:15A-7e applies to elected officials. Lally was elected to two three-year terms. When that ended on December 31, 1981, her service terminated. She was not laid off, nor was her position abolished. Accordingly, the exception created by N.J.S.A. 43:15A-8a does not apply to her. She is governed instead by N.J.S.A. 43:15A-7e.
The notice sent to Lally clearly set forth the Board's position. It stated:
The statute permits a member to maintain inactive membership for a maximum period of two years from the date of his last contribution to the retirement system. A member who is on an approved leave of absence without pay, or his employment terminates through no fault of his own (layoff, abolishment of position), may continue inactive membership for a maximum period of five years provided he returns to active New Jersey public service within the five year period. However, a member will be considered inactive during the period of his leave and his inactive membership will only be extended beyond two years for the period covered by his leave of absence without pay. If you are on a leave of absence, have your employer immediately certify the period of your official leave of absence; if your position was abolished or terminated through no fault of your own, have your employer so certify. Your employer's statement must be filed with this office prior to the date of expiration indicated above. If it is not received prior to that date, your account will be expired, thereby terminating *273 all of your membership rights, benefits and privileges in the retirement system.
The notice also stated that if a former member returns to public service after the member's account had expired, the member must re-enroll in the system and would be permitted to purchase the previous membership. Lally stated that she received the notice but interpreted it to mean she had five years from the date of her termination in office to return to public employment. She did not contact the Division of Pensions after receiving the expiration notice because "she saw no need to." Rather, she contacted her former employer's office and spoke with Dorothy Trimmer, Collector-Treasurer of the Township of Verona, and told her that she was not going to withdraw her pension account and that she planned to return to public employment. She did not ask her employer to certify a reason why she was no longer serving as councilwoman but assumed Trimmer would send the appropriate forms to the Division of Pensions. The expiration notice was returned to the Division of Pensions with the "Certification of the Employer" completed and signed by Trimmer, setting forth that Lally had "resigned."
We have consistently held that an administrative agency's interpretation of a statute it is charged with enforcing is entitled to great weight. In re Board of Educ. of Town of Boonton, 99 N.J. 523, 534, 494 A.2d 279 (1985), cert. denied, 475 U.S. 1072, 106 S.Ct. 1388, 89 L.Ed.2d 613 (1986); New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575, 384 A.2d 795 (1978); In re Application of Saddle River, 71 N.J. 14, 24, 362 A.2d 552 (1976); In re Plainfield-Union Water Co., 57 N.J. Super. 158, 177, 154 A.2d 201 (App.Div. 1959). While it is clear that appellate courts are not bound by an agency's interpretation of a statute involving a strictly legal issue, Mayflower Securities Co. v. Bureau of Securities, 64 N.J. 85, 93, 312 A.2d 497 (1973); In re Petition of Adamar of N.J., 222 N.J. Super. 464, 469-70, 537 A.2d 704 (App.Div. 1988), it is equally as clear that we accord substantial deference to an interpretation of a statute by the agency responsible for enforcing *274 it. Mortgage Bankers Ass'n v. New Jersey Real Estate Comm'n, 102 N.J. 176, 191, 506 A.2d 733 (1986); In re Petition of Adamar of N.J., supra, 222 N.J. Super. at 469-70, 537 A.2d 704; In re Appeal of Lembo, 151 N.J. Super. 242, 249, 376 A.2d 971 (App.Div. 1977). Further, we must defer to the administrative agency's expertise in relation to technical matters. Riverside General v. New Jersey Hosp. Rate Setting Comm'n, 98 N.J. 458, 469, 487 A.2d 714 (1985); In re Petition of Adamar of N.J., supra, 222 N.J. Super. at 470, 537 A.2d 704. We see no reason to deviate from this rule here.
Affirmed.