599 A.2d 1302

MICHAEL A. DEL POMO, PETITIONER–APPELLANT, v. BOARD OF TRUSTEES, PUBLIC EMPLOYEES RETIREMENT SYSTEM, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1991—Decided December 19, 1991.

Before Judges J.H. COLEMAN and BILDER.

*Michael E. McGann* argued the cause for appellant (*Waldman, Moriarty & McGann,* attorneys, *Daniel M. Waldman* on the brief).

*Patrice M. Connell,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney, *Mary C. Jacobson,* Deputy Attorney General, of counsel, *Patrice M. Connell* on the brief).

The opinion of the court was delivered by

COLEMAN, J.H., P.J.A.D.

This is an appeal from a final decision of the Board of Trustees of the Public Employees' Retirement System (Board) denying petitioner a service retirement allowance. The Board rejected the Initial Decision of an Administrative Law Judge. The Board concluded that petitioner was not a member of the Public Employees Retirement System (PERS) when his application was submitted.

Petitioner worked as a health officer for the City of Newark from July 29, 1974, until February 23, 1979 when he was laid off for reasons of economy. He reached his 60th birthday on June 17, 1984, and submitted his application for a service retirement allowance on August 24, 1984. It is undisputed that petitioner left work as the result of no fault of his own. As of the date his application was submitted, petitioner had neither returned to employment with an employer covered by PERS nor had he withdrawn his contributions.

Petitioner sought a retirement allowance pursuant to *N.J.S.A.* 43:15A–47a, which provides that "a member [of PERS] who has obtained 60 years of age may retire on a service retirement allowance...." The parties agree that the issue is whether petitioner was "a member" of PERS when he reached age 60. The answer must be derived from a consideration of two additional statutes. These two statutes control past employment membership in PERS.

The first statute is *N.J.S.A.* 43:15A–7(e) which provides:

Membership of any person in the [PERS] retirement system shall cease if he shall discontinue his service for more than two consecutive years.

The second statute is *N.J.S.A.* 43:15A–8(a), and it provides:

If a member of the [PERS] retirement system has been discontinued from service through no fault of his own.... and he has not withdrawn his accumulated deductions, his membership may continue, notwithstanding any provision of this act if such member returns to service within a period of 5

years from the date of his discontinuance from service. [As effective before 1985] [1]

Petitioner contends that although his active membership in PERS ceased when he did not return to public employment within two years, he retained an "inactive" membership in PERS by virtue of *N.J.S.A.* 43:15A–8(a). He contends that such an "inactive" membership was sufficient to qualify him as a member of PERS within the contemplation of *N.J.S.A.* 43:15A–47a so as to entitle him to retirement benefits. The Board rejected this construction, holding that subsection 8(a) only affords membership status to individuals who return to public service. The Board also held that that subsection cannot be found to extend membership beyond the two years clearly set forth in subsection 7(e) unless there was a return to public service. The Board regarded subsection 8(a) as a discrete and limited exception to subsection 7(e). The Board found that "the intent of [8(a)] was to encourage former public employees to return to public service by protecting the former member's rate of contribution which is based upon age at the time of enrollment."

■■ Under our standard of review, we will not overturn the decision of the Board unless we find its decision is arbitrary, unreasonable or capricious. *See Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–580, 410 *A.*2d 686 (1980). Deference must be accorded the agency charged with the responsibility of implementing a particular legislative enactment. *Metromedia, Inc. v. Director, Div. of Taxation,* 97 *N.J.* 313, 327, 478 *A.*2d 742 (1984); *Mayflower Securities Co., Inc. v. Bureau of Securities,* 64 *N.J.* 85, 92–93, 312 *A.*2d 497 (1973); *Barone v. Dep't of Human Services,* 210 *N.J.Super.* 276, 285, 509 *A.*2d 786 (App.Div.1986), *aff'd,* 107 *N.J.* 355, 526 *A.*2d 1055 (1987). We find no basis to conclude that the Board's decision is either arbitrary, unreasonable or capricious.

---

[1] *N.J.S.A.* 43:15A–8(a) was amended in 1985 to change the maximum allowable period of absence to 10 years. The amendment has no effect on this case.

Furthermore, we are persuaded that the Board's interpretation of *N.J.S.A.* 43:15A–8(a) is correct based on the plain language in the statute. The right to have one's membership continue after two years is conditioned upon the person returning to public employment within five years. Because petitioner failed to return to employment within the five year period, he was not even an "inactive" member of PERS when he became 60 years old.

The decision of the Board is affirmed.