813 A.2d 589

JORGE URENA CALDERON, PETITIONER, v. ERFREN JIM-ENEZ, RESPONDENT–RESPONDENT, AND ELBERTH MORA, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 11, 2002—Decided January 14, 2003.

Before Judges KESTIN, EICHEN and FALL.

*Peter Ventrice,* argued the cause for appellant (*Brause, Brause & Ventrice,* attorneys; *Mr. Ventrice,* on the brief).

*David P. Kendall,* argued the cause for respondent (*Francis T. Giuliano,* of counsel and, with *Mr. Kendall,* on the brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

The dispute in this workers' compensation matter is between the insurance carriers for the two respondents. After a trial on the issues, Judge of Compensation Boyan held that the respondents were dual employers obliged to share responsibility for the award made to petitioner, and that the policy issued by Hartford Underwriters Insurance Company (Hartford) to respondent Mora was effective. Hartford appeals, arguing that the finding of dual employment was erroneous and that it cannot be held to have provided coverage to its putative insured.

The factual findings undergirding the dual employment determination are well supported by substantial evidence in the record and are, therefore, binding on appeal. *See Earl v. Johnson & Johnson,* 158 *N.J.* 155, 161, 728 *A.2d* 820 (1999); *Close v. Kordulak Bros.,* 44 *N.J.* 589, 598–99, 210 *A.2d* 753 (1965). The agency's expertise in applying dual employment criteria to the facts as found cannot be gainsaid. *Ibid.*

In deciding that the Hartford policy provided coverage to Mora, Judge Boyan held:

> ... Hartford contend[s] that they did not have coverage on the date of the accident. Their motion papers acknowledge that a policy with number 77WZNB6977 was issued, insuring Mr. Mora with an effective date of August 5, 1995 to August 5, 1996.
>
> They contend that they canceled that policy, and their records—or the computer printout—show they attempted cancellation on October 13, 1995.
>
> * * * I believe that the respondent, Hartford, did not use certified mail to effectuate the cancellation.
>
> Petitioner's side has called my attention to the case of [*Miney v. Baum,* 170 *N.J.Super.* 282, 406 *A.2d* 234 (Law Div.1979),] dealing with coverage of an auto policy, and holding that the statutory provisions for cancellation of a policy had to be followed, even where the only thing issued was a binder and where the full procedure of certified mail had not been resorted to. Judge Yanoff ruled that,

under the circumstances, the coverage remained in effect despite the fact that there was no payment of initial premium.

Here, we have a similar situation except we don't have a binder. We have an actual policy. And there was a failure of the initial premium payment, the one issued Mr. Mora. He tendered a check for $500, but it was dishonored by his bank, so Hartford never collected a penny.

However, I feel that the *Miney* case is good authority and I should follow it and hold that the policy remains in effect unless and until canceled according to the statutory procedure, by certified mail.

Granted, it's a different policy, it's an auto policy in the *Miney* case, where we have a Workers' Compensation policy. But in both cases, we have insurance required to be maintained by statute, and the requirement of the statute is for the benefit of the injured party. So I think public policy considerations demanding compliance with the strict requirements for cancellation are the same, and that's another reason I think the *Miney* case should be followed.

And while there may be a harsh result from the standpoint of Hartford, to wind up with an obligation of tens of thousands of dollars in a case where they didn't get penny number one in premiums, still, I think that's what the statute calls for.

We are in substantial agreement with the logic of this rationale, and we defer to the Division's expertise in determining that the principle of *Miney* should apply to workers' compensation insurance.

The New Jersey Workers' Compensation Insurance Plan * (the Plan), as presented to us, creates a program paralleling the assigned risk plan for auto insurance with which the court in *Miney* was concerned. When Hartford was designated by the Compensation Rating and Inspection Bureau as Mora's carrier pursuant to the Plan, that carrier was required, upon receipt of the application and a check representing the premium, to issue a policy to Mora effective at 12:01 a.m. on the day following. Once that policy was issued, Hartford was obliged to comply with the requirements of *N.J.S.A.* 34:15–81 in order to effect cancellation.

---

* The nature of the Plan as a source of legally binding authority is unclear, as was the New Jersey Workers' Compensation and Employer's Liability Insurance Manual (Manual) in *Aetna Ins. Co. v. Trans American Trucking Serv., Inc.*, 261 *N.J.Super.* 316, 618 A.2d 906 (App.Div.1993), but appellant raises no question concerning its authenticity or the binding qualities of its provisions on participants in the workers' compensation insurance industry. As with the Manual, the Plan does not appear in the New Jersey Administrative Code as a promulgated rule or regulation. *See id.* at 319–20 n. 3, 618 A.2d 906.

In the absence of any argument that the Plan has no provenance as binding authority, we likewise respect the Division's expertise in applying it to insurance carriers by requiring compliance with *N.J.S.A.* 34:15–81. A court "places great weight on the interpretation of legislation by the administrative agency to whom its enforcement is entrusted," *Peper v. Princeton Univ. Bd. of Trustees,* 77 *N.J.* 55, 69–70, 389 *A.*2d 465 (1978), unless it "finds that the rule is inconsistent with the statute it purports to interpret." *Smith v. Director, Div. of Taxation,* 108 *N.J.* 19, 26, 527 *A.*2d 843 (1987). *See also Mayflower Securities Co. v. Bureau of Securities,* 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973); *In re Union County Prosecutors,* 301 *N.J.Super.* 551, 561, 694 *A.*2d 289 (App. Div.1997); *Lally v. Public Employees' Ret. Sys.,* 246 *N.J.Super.* 270, 273, 587 *A.*2d 303 (App.Div.), *certif. denied,* 126 *N.J.* 332, 598 *A.*2d 890 (1991).

We are bound by Judge Boyan's findings, based upon the facts developed before him, that the required steps to effect a cancellation were not taken. *See Earl, supra,* 158 *N.J.* at 161, 728 *A.*2d 820; *Close, supra,* 44 *N.J.* at 598–99, 210 *A.*2d 753. We regard as unavailing Hartford's only argument on the policy-effectiveness issue that it "was not required to provide the statutory notice requirements to cancel an insurance policy because the policy was void from inception." Application of the *Miney* principle to workers' compensation negates any argument that the policy, in the circumstances found, was void from inception.

Affirmed.