**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2216-20

LAURA SHAW,

     Plaintiff,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Defendant.

_____

Submitted December 6, 2021 – Decided December 14, 2021

Before Judges Fasciale and Vernoia.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS Nos. x-xxxx353 and x-xxxx725.

Laura Shaw, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent, (Donna Arons, Assistant Attorney General, of counsel; Christopher Meyer, Deputy Attorney General, on the brief).

PER CURIAM

Laura Shaw appeals from a February 18, 2021 final agency decision by the Board of Trustees (Board) of the Public Employees Retirement System (PERS) denying her request to extend the expiration period on her Tier 1 PERS account.[1]  The Board concluded that under N.J.S.A. 43:15A-7(e), Shaw's membership in the retirement system ended because she did not commence PERS-covered employment within two years of her last contribution, which caused her PERS Tier 1 membership to expire.

The Division of Pension and Benefits (Division) can extend the two-year expiration period, but the Board determined that the extension opportunity is not automatic.  Here, the Board found that Shaw obtained a PERS-covered position after expiration of the two years, and therefore the Board concluded that she was not entitled to the extension under N.J.S.A. 43:15A-8(a).  It reached that conclusion without a hearing in the Office of Administrative Law (OAL) because it found the facts were undisputed.

On appeal, Shaw argues the decision is arbitrary because she was without fault for the delay, and she was within a ten-year period referenced in N.J.S.A. 43:15A-8(a).  Shaw urges us to vacate the decision and remand for a hearing in the OAL.

---

[1]  Since her Tier 1 membership expired, Shaw enrolled as a Tier 5 member.

Shaw did not leave her job, as the tax collector for the Borough of Seaside Heights, voluntarily without good cause attributable to the work. Thus, she was not disqualified for unemployment benefits under N.J.S.A. 43:21-5(a). In other words, it was purportedly not her fault that she was separated from employment. Applying the text of N.J.S.A. 43:15A-8(a), she contends, therefore, the Board's decision was unreasonable. And she argues her work history, pension status, and job search documentation demonstrate that her separation from employment was not her fault in any way. She also asserts that she has put in substantial time into the system, more than fifteen years.

Citing Lally,[2] Cologna,[3] and Del Pomo,[4] the Board argues the N.J.S.A. 43:15A-8(a) exception permitting an extension is "discrete and limited." It maintains that since Shaw resigned and was not involuntarily terminated due to layoff or workforce reduction, she is not entitled to an extension under N.J.S.A. 43:15A-8(a). The Board argues Shaw's reference to N.J.S.A. 43:21-5(a) is

---

[2] Lally v. Bd. of Trs., Pub. Emps.' Ret. Sys., 246 N.J. Super. 270 (App. Div. 1991).

[3] Cologna v. Bd. of Trs., Police & Firemen's Ret. Sys., 430 N.J. Super. 362 (App. Div. 2013).

[4] Del Pomo v. Bd. of Trs., Pub. Emps.' Ret. Sys., 252 N.J. Super. 430 (App. Div. 1991).

misplaced. And that here, under N.J.S.A. 43:15A-8(a), fault is irrelevant. Instead, she must be "discontinued from service." And here, her employer did not remove her, she was not laid off, and there was no workforce reduction. In other words, the Board contends she left her job on her own, albeit for reasons she explains were justified.

This court has recognized "'[j]udicial review of an administrative agency action is limited' because respect is due to the 'expertise and superior knowledge' of an agency in its specialized field." Francois v. Bd. of Trs., Pub. Emps.' Ret. Sys., 415 N.J. Super. 335, 347 (App. Div. 2010) (internal quotations omitted) (quoting Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). An appellate court will only reverse an agency's decision if it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Stevens v. Bd. of Trs., Pub. Emps.' Ret. Sys., 294 N.J. Super. 643, 651 (App. Div. 1996) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

It is undisputed that Shaw discontinued her PERS membership for more than two years. When she resigned from her position with Seaside, the last

pension contributions for her Tier 1 account were made through March 31, 2017. She returned to a PERS-covered position in July 2019, more than two years later. Thus, under N.J.S.A. 43:15A-7(e), Shaw's Tier 1 account expired before she returned to PERS-covered employment.

N.J.S.A. 43:15A-8(a) is a limited exception applicable where an employee has been involuntarily terminated from service by an employer due to, for example, a layoff or workforce reduction initiated by the employer. N.J.S.A. 43:15A-8(a) provides:

> If a member of the retirement system has been discontinued from service without personal fault or through leave of absence granted by an employer or permitted by any law of this State and has not withdrawn the accumulated member's contributions from the retirement system, the membership of that member may continue, notwithstanding any provisions of this act if the member returns to service within a period of [ten] years from the date of discontinuance from service.

We interpret the plain language of this text to mean discontinued by the employer. In other words, the discontinuation by the employer of the employee must be the requisite action, and it must be without the employee's personal fault. If the employer—without personal fault of the employee—abolishes the position, for example, then this statute permits continuation if the member returns to service within ten years.

Here, the employer, Seaside, did not discontinue Shaw's position as a tax collector. Shaw instead discontinued her position—she resigned—albeit for reasons she explained were justified. N.J.S.A. 43:15A-8(a) is therefore inapplicable because Shaw herself voluntarily resigned, and she was not discontinued by the employer. She was not laid off, and her position was not abolished. Thus, the Board cannot extend her Tier 1 membership.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2216-20