**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3889-21

MICHAEL CHESKI,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION
AND ANNUITY FUND,

     Respondent-Respondent.

_____

        Submitted April 29, 2024 – Decided May 9, 2024

        Before Judges Chase and Vinci.

        On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury, TPAF No. xx2319.

        Michael Cheski, appellant pro se.

        Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Jeffrey David Padgett, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Michael Cheski appeals from a July 8, 2022 final agency determination by the Board of Trustees ("Board") of the Teachers' Pension and Annuity Fund ("TPAF") denying his request to extend the expiration date of his Tier 1 TPAF membership. We affirm.

Cheski established membership in the TPAF effective February 2002 based upon his employment with Berkeley Heights Board of Education. On September 1, 2008, Cheski accepted a position at Sussex County Technical School ("Sussex") where he served as a video technology teacher until June 2009, when he was laid off.

In January 2018, Cheski began employment with Kittatinny Regional High School ("Kittatinny"). Because Cheski had been laid off from Sussex, and because he returned to a TPAF-eligible position within ten years of his 2009 discontinuance of service, he was able to maintain his Tier 1 TPAF membership account pursuant to N.J.S.A. 18A:66-8. He remained employed by Kittatinny as a non-tenured teacher until June 30, 2019, when his contract was not renewed, and his pension contributions stopped.

Cheski wrote the Board to inform them of his non-renewal in 2019 and requested his contributions remain in his account during his new break in service. Along with his letter, he enclosed correspondence from Kittatinny. The

correspondence stated: "Mr. Cheski was a non-tenured teacher that was non-renewed due to budget cuts by the Kittatinny Board of Education and his contract ended with the school on June 30, 2019."

The Board denied his request and notified Cheski and Kittatinny that his TPAF account was due to expire on June 30, 2021, after two years of inactivity, as his last pension contribution was in June 2019 and his reason for termination was non-renewal of his contract. The notice indicated that when the account expired, he would lose the right to all TPAF membership benefits except withdrawal of his contributions.

Cheski then sent a second letter to the Board regarding his account's status, seeking an extension. The Board advised him extensions beyond two years of inactivity are granted only if the member has been laid off due to a reduction of force or their position has been eliminated. Because Kittatinny indicated his position as a nontenured teacher was not renewed, his account would expire on June 30, 2021, unless he returned to TPAF-eligible employment and resumed contributions before that date.

After two years with no pension contributions, Cheski's TPAF membership expired. Cheski secured TPAF-eligible employment in October 2022 and was placed in a new Tier 5 account. Despite Cheski's repeated

attempts to reinstate his earlier Tier 1 membership, the Board declined. Cheski appealed from the Board's denial and requested a contested hearing in the Office of Administrative Law ("OAL"). The Board determined no issue of material fact existed, denied a hearing with the OAL, and issued a final administrative determination affirming the June 30, 2021 expiration of Cheski's Tier 1 TPAF account pursuant to N.J.S.A. 18A:66-7 and finding him ineligible for the ten-year extension provision under N.J.S.A. 18A:66-8.

On appeal Cheski argues the obstacles of the COVID-19 pandemic, his return to college as a full-time student, and age discrimination caused the delay of his securing new TPAF-eligible employment. Therefore, the two-year expiration of his account should have been extended.

We begin by acknowledging judicial review of an agency's final determination is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27). This standard inquires "whether the decision conforms

with relevant law, whether there is substantial credible evidence in the record as a whole to support the agency's decision, and whether in applying the relevant law to the facts, the agency clearly erred in reaching its conclusion." In re State & Sch. Emps.' Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 280 (2018) (citing In re Carter, 191 N.J. 474, 482-83 (2007)).

"[A]n enhanced deferential standard" applies to agency decisions related to the enforcement of a statutory scheme. East Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022) (citing Hargrove v. Sleepy's, LLC, 220 N.J. 289, 301-02 (2015)). This deference specifically applies to agencies administering public pensions because of the "experience and specialized knowledge" required in "administering and regulating a legislative enactment within its field of expertise." Tasca v. Bd. of Trs., Police & Firemen's Ret. Sys., 458 N.J. Super. 47, 55 (App. Div. 2019) (quoting Piatt v. Police & Fireman's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015)).

While New Jersey pension statutes should be construed liberally "in favor of the persons intended to be benefitted thereby," Bumbaco v. Bd. of Trs., Pub. Emps.' Ret. Sys., 325 N.J. Super. 90, 94 (App. Div. 1999), "eligibility is not to be liberally permitted." Smith v. Dep't of Treasury, 390 N.J. Super. 209, 213 (App. Div. 2007). "Instead, in determining a person's eligibility to a pension,

5

the applicable guidelines must be carefully interpreted so as not to 'obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.'" Ibid. (alteration in original) (quoting Chaleff v. Tchrs.' Pension & Annuity Fund, 188 N.J. Super. 194, 197 (App. Div. 1983)).

N.J.S.A. 18A:66-7(a) states the general rule that "[m]embership of any person [in TPAF] shall cease:  (a) if, except as provided in section 18A:66-8, [they] shall discontinue [their] service for more than two consecutive years." Under N.J.S.A. 18A:66-8, if a member "has been discontinued from service without personal fault or through leave of absence granted by an employer or permitted by any law of this State" and "has not withdrawn the accumulated member's contributions from the retirement system, the teacher's membership may continue, notwithstanding any provisions of this article, if the member returns to service within a period of [ten] years from the date of discontinuance from service."  This exception to the general rule, which permits continuance of TPAF membership for up to ten years under specifically outlined circumstances, should "be narrowly construed." Petition of Singer Asset Fin. Co., L.L.C., 314 N.J. Super. 116, 121 (App. Div. 1998).  Moreover, the Board's interpretation of N.J.S.A. 18A:66-8 is entitled to "great weight." Lally v. Pub. Emps.' Ret. Sys., 246 N.J. Super. 270, 273 (App. Div. 1991).

6

The Board's determination that Cheski's TPAF account expired on June 30, 2021, and denial of his request for a ten-year extension of the account, are fully supported by the record and mandated by N.J.S.A. 18A:66-7(a) and N.J.S.A. 18A:66-8.  Simply put, the non-renewal of a non-tenured teacher's contract does not fall within the narrow carve-out of N.J.S.A. 18A:66-8, as it is not a discontinuance of service, which applies to tenured teachers.  Cf. Pascack Valley Reg'l High Sch. Bd. of Educ. v. Pascack Valley Reg'l Support Staff Ass'n, 192 N.J. 489, 497 (2007) ("The practice of offering separate, annual employment contracts to non-tenured school employees is long-standing."); Bd. of Educ. v. Wyckoff Educ. Ass'n, 168 N.J. Super. 497, 501 (App. Div. 1979) ("[T]he right not to renew the contracts of non-tenured teachers" is "a management prerogative.").

As noted by this court in Cologna v Board of Trustees, Police and Firemen's Retirement System, "the phrase 'has been discontinued' is written in the passive voice.  As such, it connotes a situation in which an employer . . . took action against an employee by discontinuing his services," but not where a discrete employment period ended, as is the case when an untenured teacher's contract is merely not renewed.  430 N.J. Super. 362, 372 (App. Div. 2014).

The ten-year extension in N.J.S.A. 18A:66-8 clearly turns on the reason service was discontinued, not the events occurring after discontinuance. Here, Cheski's employer simply declined to start a new discrete employment period. His employment was not cut short in any way. Cheski was not terminated, dismissed, or otherwise laid off as envisioned by N.J.S.A. 18A:66-8. Because his contract expired and was not renewed, he had no right to continued employment, and the ten-year statutory extension did not apply. Rather, he had two years to obtain new employment if he wished to remain in Tier 1.

The Board's decision is supported by sufficient, credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). To the extent that we have not addressed petitioner's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                                         A-3889-21